■ NICHOLAS GRAY & COMPANY LIMITED, Respondent, v STANLEY STAHL et al., Appellants.—Order, Supreme Court, New York County, entered January 21, 1980, which, *inter alia,* granted plaintiff's motion to the extent of awarding it partial summary judgment on the issue of liability, unanimously reversed, on the law, with costs and disbursements, and the motion denied. At issue is the interpretation of a lease provision running in favor of plaintiff, the operator of a fruit drink business known as "Gray's Papaya". The provision prohibits the landlord from leasing "any other space in the building * * * to any tenant who *features a fruit drink."* (Emphasis added.) Plaintiff alleges that since 1976, another tenant, Taco Rico, the occupant of the adjacent premises and the operator of a fast food business specializing in tacos, enchiladas and burritos, has as the most prominent feature of the arcade in front of its store, in violation of the foregoing provision, a collage of five large coolers, each electronically bubbling a different colored fruit drink. The landlord contends that the phrase "features a fruit drink" was intended to apply to a tenant whose main product is a fruit drink, not to a tenant who happens to sell fruit drinks but does not feature them as its principal fare. Taco Rico specializes in the sale of Mexican food. In awarding plaintiff partial summary judgment on the issue of liability, Special Term found clear and unambiguous the phrase "features a fruit drink", as used in the lease. We disagree. The original provision proposed by plaintiff's predecessor would undisputedly have prohibited leasing to any tenant who "sells or features a fruit drink." The parties agreed to strike the words "sells or" since, according to the landlord, the purpose of the restrictive clause was to exclude only direct competitors of plaintiff's predecessor in the fruit drink business, not any fast food restaurant which sells, among other items, fruit drinks. Thus, the intent of the parties is not unequivocally clear and the meaning of the restrictive phrase presents a factual issue, the resolution of which is inappropriate for summary judgment. (See *Lachs v Fidelity & Cas. Co. of N. Y.,* 306 NY 357.) In light of this disposition the issue of whether plaintiff abandoned its motion by a two-and one-half year delay in presenting the order appealed from for settlement need not be reached. (See Rules

of the Supreme Court, Bronx and New York Counties, § 660.8, subd [6]; 22 NYCRR 660.8 [6].) Concur—Sullivan, J. P., Ross, Lupiano and Silverman, JJ.